ROQUEMORE GRAVEL & SLAG COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101756.   Promulgated June 5, 1941.

*Robert A. Littleton*, Esq., for the petitioner.
*Frank M. Thompson*, Esq., for the respondent.

**OPINION.**

KERN: Petitioner contends that it executed prior to May 1, 1936, a written contract, a provision of which expressly dealt with the payment of dividends, and that, without violating that contract, it could not distribute any dividends in the taxable year. Respondent contends, however, that the contract did not prohibit petitioner from paying dividends until and unless the desired loan was obtained. We agree with respondent's interpretation of the contract, and come to the conclusion that the written contract did not prohibit petitioner from distributing dividends until August 28, 1936. Prior to that date petitioner could have distributed dividends at will without violating any provision of the written contract here in evidence. See *Florence Cotton Mills*, 44 B. T. A. 436.

Petitioner's single witness spoke of a prior agreement between John D. Roquemore and a committee representing bondholders of the old company which provided that the petitioner, when formed, should issue no dividends as long as it operated the old company's property until the purchase price should be fully paid by petitioner. This agreement was not offered in evidence nor is there any indication

that it was a written agreement. One thing, moreover, is certain; it was not executed by petitioner. Therefore, any such agreement is immaterial to our present discussion.

Having determined that the contract did not forbid the distribution of dividends until August 28, 1936, the day the loan was procured, there still remains for us the problem of whether petitioner is entitled to a credit for any part of the undistributed profits. Had it been shown that on August 28, 1936, petitioner had no earnings from which dividends could have been declared, it would be clear that any 1936 dividends would have to have been declared out of earnings of the petitioner acquired after the date of the loan. A distribution of these earnings was strictly forbidden by the contract here in evidence.

Such is not the case presented by the record before us, however, for petitioner has not raised this issue nor has it introduced any evidence tending to shed light on petitioner's financial status at the date of the loan; and it is a well established rule that the determination of the Commissioner is entitled to a presumption of correctness. *Wiget* v. *Becker*, 84 Fed. (2d) 706. An application of that rule to our instant situation necessitates the presumption that petitioner's undistributed profits as of August 28, 1936, amounted to no less a figure than at the end of that year, and that a distribution of dividends on August 27, 1936, could have been made in the full amount of $33,833.06, without violating a provision of any written contract executed by petitioner. Since the burden of coming forward with the proof rests with the petitioner in matters of this sort, *United States* v. *Pulver*, 54 Fed. (2d) 261, we must follow the above reasoning and sustain the respondent's determination.

*Decision will be entered for the respondent.*